UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIE SPATES,

    Petitioner,

v.                                                    CASE NO. 6:05-cv-1223-Orl-31KRS

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 5) to the petition for writ of habeas corpus, and Petitioner then filed a reply (Doc. No. 6).

*Procedural History*

Petitioner was charged by information with one count of robbery and one count of battery. A jury trial was held, and Petitioner was found guilty as charged in the information. The State subsequently dismissed the battery conviction because it was a lesser included offense of the robbery. On January 9, 2001, the trial court adjudicated Petitioner guilty of robbery and sentenced him to imprisonment for term of fifteen years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam* on August 28, 2001. Mandate was issued on September 14, 2001.

On November 9, 2001, Petitioner filed a motion for postconviction relief with the state trial court,[1] which was denied on June 9, 2003. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam* on February 24, 2004. Mandate was issued on March 12, 2004.

On August 2, 2004, Petitioner filed a second motion for postconviction relief with the state trial court, which was denied on August 31, 2004. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam* on November 30, 2004. Mandate was issued on December 17, 2004.

*Petitioner's Habeas Petition is Untimely*

Pursuant to 28 U.S.C. § 2244,

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Although the motion was actually filed with the state trial court on November 21, 2002, under the "mailbox rule," the motion would be deemed filed on November 9, 2001, the date when the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the present case, Petitioner's conviction became final under Florida law on September 14, 2001, when the state appellate court issued mandate with regard to his direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal."). However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on November 26, 2001, which was ninety days after entry of the appellate court's order affirming *per curiam*. *See* Sup. Ct. R. 13(3).[2] Petitioner then had until November 26, 2002, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's initial federal habeas petition was file-stamped by the Clerk's office on August 22, 2005, but was deemed filed on August 18, 2005, under the mailbox rule.

---

[2]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his first Rule 3.850 motion with the state trial court on November 9, 2001, the one-year period had not yet begun; thus, the tolling immediately began on November 26, 2001. The Rule 3.850 proceedings concluded on March 12, 2004, when the state appellate court issued mandate with regard to the appeal of the denial of Petitioner's Rule 3.850 motion, and the one-year period expired one year later on March 12, 2005. Thus, the instant habeas petition was untimely.

The Court is aware that Petitioner filed a second Rule 3.850 motion on August 2, 2004. However, in denying the motion, the trial court correctly determined that the claims raised therein were procedurally barred because the motion was untimely, as it had been filed more than two years after the judgment of conviction and sentence became final.[3] "[C]laims considered procedurally barred under state law for reasons such as untimeliness *[are] not properly filed* and could therefore not toll the AEDPA statute of limitations." *Drew v. Department of Corrections*, 297 F.3d 1278, 1284-85 (11th Cir. 2002) (emphasis added), *cert. denied*, 537 U.S. 1237 (2003). Consequently, Petitioner's second Rule 3.850 motion was not properly filed, and it did not toll the one-year period of limitation.[4]

Petitioner also mentions that he is actually innocent of the crimes and that the one-year period should be tolled on that basis. Assuming, without deciding, that an "actual innocence" exception to

---

[3] *See* Fla. R. Crim. P. 3.850(b) (a motion filed pursuant to Rule 3.850 must be filed within two years of when the judgment and sentence become final).

[4] The Court notes that Rule 3.850(b) sets forth three exceptions that would allow a motion to be filed beyond the two-year period of limitation. However, in the present case, nothing in Petitioner's second Rule 3.850 motion could be interpreted to allege that any of the exceptions apply.

the limitations period exists, the Court finds that Petitioner has not stated a colorable claim of actual innocence. His assertions of insufficient evidence do not show that he is factually innocent. Moreover, Petitioner has not offered any new evidence to sustain an assertion of actual innocence. *See Helton v. Secretary for Department of Corrections*, 259 F.3d 1310, 1315 n. 2 (11th Cir. 2001) (finding that "[w]e need not decide . . . [whether there is an 'actual innocence' exception to the one-year period], because the 'circumstantial' nature of the case against Helton is not sufficient to support a claim of actual innocence.") (citation omitted), *cert. denied*, 535 U.S. 1080 (2002).

Any of Petitioner's other allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Willie Spates is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 19th day of May, 2006.

Copies to:
pslc 5/19
Counsel of Record
Willie Spates

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE